# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ROBERT WASHINGTON, )
)
    Petitioner, )
)
v. ) Case No. CV414-017
)
WARDEN ANTOINE CALDWELL, )
)
    Respondent. )

## **REPORT AND RECOMMENDATION**

After Robert Washington was convicted in state court for aggravated battery and gun charges he unsuccessfully appealed, *Washington v. State*, 311 Ga. App. 518 (2011), and on January 18, 2013, unsuccessfully sought state habeas relief. Doc. 1 at 2. After that ruling was denied on appeal, *id.* at 3, he filed for 28 U.S.C. § 2254 relief here. *Id.* at 1. Upon preliminary review under Rule 4 of the Rules Governing 28 U.S.C. § 2254 proceedings and 28 U.S.C. § 2243, however, the Court concludes that the petition must be dismissed as time barred by 28 U.S.C. § 2244(d) (1)'s one-year statute of limitations.

# I. ANALYSIS

The limitations clock established by 28 U.S.C. § 2244(d)(1) ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play. *Kearse v. Secretary, Fla. Dept. of Corrs.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012). Hence, creating time gaps between review proceedings can be fatal. All such proceedings must be properly filed. *Kearse*, 736 F.3d at 1362. And a direct appeal or collateral proceeding "that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period." *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008) (cite omitted); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013).[1]

---

[1] *Kearse* breaks this process down. It explains that the § 2244(d)(1) clock starts to tick, for direct appeals or other collateral proceedings,

> on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." [28 U.S.C. § 2244(d)(1)]. A judgment becomes "final" within the contemplation of this statute either: (1) if the prisoner files a timely petition for certiorari, on the date when the [U.S.] Supreme Court issues a decision on the merits or denies certiorari; or (2) on the date on which the prisoner's time for filing such a petition expires.

*Kearse*, 736 F.3d at 1362. Conversely, the clock stops ticking during the time "a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). [And] . . . "pending" includes the time between a lower court's decision and the filing of a notice of appeal to a higher state court. *See*

Finally, once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013). Nor does it matter if the state habeas court reaches an otherwise untimely state habeas petition on the merits. *Dixon*, 2013 WL 2385197 at * 3.

Washington's conviction was affirmed on direct appeal on August 25, 2011. *Washington*, 311 Ga. App. at 518. Under Rule 38 of the Georgia Supreme Court' s Rules and Rules 37 and 38 of the Georgia Court of Appeals' Rules, he had ten days from that decision in which to either move for reconsideration or file a notice of intent to apply for *certiorari* to the Georgia Supreme Court. He did neither, so his conviction became final ten days later, on September 4, 2011 (actually September 5th, since the 4th fell on a Sunday).

Nor did he take his case beyond Georgia's intermediate appellate court and seek U.S. Supreme Court review. He then let more than a year

---

*Carey v. Saffold*, 536 U.S. 214, 219–20, 122 S.Ct. 2134, 2138, 153 L.Ed.2d 260 (2002)." *Id.*

3

elapse before he sought state habeas relief on January 18, 2013. Doc. 1 at 2. So when he signed his § 2254 petition on January 21, 2014, doc. 1 at 7, he was already time-barred. *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 27, 2014); *Sherwood v. Georgia*, 2013 WL 5502869 at * 2 (S.D. Ga. Oct. 1, 2013).

## II. CONCLUSION

The Court **GRANTS** Robert Washington's motion to proceed *in forma pauperis* (doc. 2), but his 28 U.S.C. § 2254 petition (doc. 1) must be **DENIED** as time-barred under 28 U.S.C. § 2244(d)(1). Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  6th   day of March, 2014.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA